923 F.2d 839
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Jimmy D. BATISTE, Plaintiff, Appellant,
v.
Edward FLEMING, et al., Defendants, Appellees.
 No. 90-1340.
 United States Court of Appeals, First Circuit.
 Oct. 2, 1990.
 
 Appeal from the United States District Court for the District of Massachusetts; Edward F. Harrington, U.S. District Judge.
 Jimmy D. Batiste, on brief pro se.
 Susan M. Weise, Assistant Corporation Counsel, on brief, for appellees.
 D.Mass.
 AFFIRMED.
 Before TORRUELLA, SELYA and CYR, Circuit Judges.
 PER CURIAM.
 
 
 1
 The appellant, Mr. Jimmy D. Batiste, pro se, appeals the granting of defendants' motion to dismiss his complaint, which alleged that the defendants had conspired to violate appellant's civil rights. We hereby affirm that dismissal.
 
 
 2
 Mr. Batiste was convicted in a state court of assault and battery with a dangerous weapon. He is currently serving his sentence.
 
 
 3
 In his civil rights complaint and amended complaint, Mr. Batiste argued that his conviction was the result of misconduct on the part of the Boston Police Department and two of its officers, defendants Fleming and McCarthy. Specifically, appellant alleged that (1) Officers Fleming and McCarthy testified falsely at his trial, thus committing perjury, and that (2) they suppressed or withheld evidence of some police reports. The district court granted defendants' motion to dismiss, and plaintiff has appealed. We address each of these allegations in turn.
 
 1. False Testimony
 
 4
 Mr. Batiste alleges that the defendants testified falsely at his trial, violating his right to a fair trial. Even if appellant's allegations are true, defendants are not liable in damages to the appellant. This is because all witnesses at judicial proceedings are immune from any damages liability stemming from their testimony, Briscoe v. LaHue, 460 U.S. 325, 329, 341 (1982) (42 U.S.C. Sec. 1983 does not authorize a convicted state defendant to assert a claim for damages when a police officer gave perjured testimony at defendant's criminal trial). Consequently, in regard to the alleged perjury, Mr. Batiste has failed to state a claim.
 
 2. Withholding of Evidence
 
 5
 Mr. Batiste also alleges that Officers Fleming and McCarthy suppressed evidence of the police report prepared by the two officers dispatched to the scene of the crime and the report of the follow-up investigation conducted by Officer McCarthy in order to give Officer Fleming's trial testimony more credibility.
 
 
 6
 Specifically, Mr. Batiste pointed to Officer Fleming's statement at trial that the victim was at an emergency room by 10:30 p.m. on the night in question, which conflicted with the allegedly suppressed police reports. These latter reports had placed her in her home until at least 10:55 p.m.
 
 
 7
 The police officers' failure to furnish Mr. Batiste with the police reports does not amount to a constitutional violation. The officers had no constitutional duty to supply any evidence or records to Mr. Batiste.[1] Had Mr. Batiste wished to have access to the police reports in question, the proper procedure would have been to make a pre-trial request to the court. Mr. Batiste does not allege in his papers or brief that he made such a request and was unsuccessful. Consequently, Mr. Batiste has failed to state a cause of action.
 
 
 8
 Having examined the complaints, motions and briefs, we conclude that Mr. Batiste failed to state a cause of action and that the district court properly dismissed his complaint.
 
 
 9
 Affirmed.
 
 
 
 [1]
 To be sure, the prosecution may have a limited obligation to furnish the defendant with obviously exculpatory evidence. United States v. Agurs, 427 U.S. 97, 107 (1976); United States v. Oliver, 570 F.2d 397 (1st Cir.1978). However, the prosecutor is not a party to this action and, in any event, would be absolutely immune from damages liability for an action complaining of a failure to disclose exculpatory evidence. Imbler v. Pachtman, 424 U.S. 409, 424-427 (1975); Siano v. Justices of Massachusetts, 698 F.2d 52 (1st Cir.1983) (prosecutor's knowing introduction of forged evidence, while heinous, falls within the ambit of prosecutorial immunity)